1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| | |
|---|---|
| SHA'LENA E. ELLIS,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>KAISER PERMANENTE, et al.,<br><br>                                    Defendants. | CASE NO. 16cv195-LAB (KSC)<br><br>**ORDER ON MOTION FOR**<br>**APPOINTMENT OF COUNSEL** |

17        This case arises out of Kaiser Permanente's termination of Sha'lena Ellis'

18   employment.  Ellis brings this suit against Kaiser Permanente and several of its officers and

19   employees for claims arising under the Civil Rights Act and for wrongful termination.  Ellis

20   has filed a motion for the appointment of counsel pursuant to the Civil Rights Act of 1964,

21   42 U.S.C. § 2000e–5(f)(1). (Docket no. 5).

22        42 U.S.C. § 2000e-5(f)(1) gives district courts discretion to appoint counsel "in such

23   circumstances as the court may deem just." The court evaluates the plaintiff's financial

24   resources, efforts to obtain counsel, and the merits of the plaintiff's claims. *Bradshaw v.*

25   *Zoological Soc. of San Diego*, 662.F.2d 1301, at 1318 (9th Cir. 1981).

26        Ellis has contacted two attorneys, and has allegedly attempted to contact an

27   unspecified number of attorneys from a list the Equal Employment Opportunity Commission

28   (EEOC) provided her. She contends that she never heard back from any of the attorneys on

the EEOC list. However, she gives no indication of what she did to follow up with them. Ellis' efforts are insufficient. *See Williams v. 24 Hour Fitness USA, Inc.*, 2014 WL 7404604, at *3 (D. Haw. Dec. 30, 2014) (reasoning plaintiffs' attempts to obtain counsel were insufficient where the plaintiff contacted seven attorneys); *see also Turner v. Dep't of Educ.*, 2010 WL 6571413, at *2 (D. Haw. Dec. 13, 2010) (same).

The merits of Ellis' case are not yet clear. *Cf. Howard v. Farmers Ins. Co.*, 2015 WL 1622981, at *2 (C.D. Cal. Apr. 10, 2015) ("While Plaintiff's likelihood of success on the merits is hard to estimate at this stage, if he is likely to succeed, that suggests . . . that he could probably find a private attorney to take the case for him.") The legal basis for her claims do not appear to be complex and she appears capable of articulating the facts. *See Vanhorn v. U.S. Gov't Contracted Hana Grp., Inc.*, 2012 WL 1571509, at *2 (D. Haw. May 3, 2012). Thus, at this preliminary stage of the proceedings, the Court **DENIES** Ellis's motion without prejudice.

**IT IS SO ORDERED**.

DATED:  June 29, 2016

**HONORABLE LARRY ALAN BURNS**
United States District Judge