# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHA'LENA ELLIZABETHANN ELLIS,<br><br>                              Plaintiff,<br>vs.<br>KAISER PERMANENTE, et al.,<br><br>                             Defendants. | CASE NO. 16cv195-LAB (KSC)<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |

Pro se litigant Sha'lena Ellis sued Southern California Permanente Medical Group and her three supervisors ("Kaiser") for, among other things, discrimination, retaliation, and wrongful termination when Kaiser fired her after ten years of employment. Kaiser says it fired Ellis because of her "chronic tardiness and a spate of errors in administering patient vaccines and submitting laboratory samples." Ellis says Kaiser retaliated against her because she's black, disabled, and was pregnant. Ellis moved for summary judgment on her 14 claims under 42 U.S.C. §§ 1981 and 1983, Title VII, and the ADA.

**I.     Summary Judgment**

Summary judgment is appropriate where the moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Ellis hasn't offered any argument, authority, or evidence that shows her claims are undisputed. The motion for summary judgment is denied.

**II.     Dismissal**

Last year, the Court granted Ellis's motion for leave to proceed *in forma pauperis*. 28 U.S.C. § 1915. The statute requires the Court to "dismiss the case at any time" if the action "fails to state a claim on which relief may be granted." And the Court "may dismiss a claim sua sponte" when the party "cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Some of Ellis's claims fall into this category.

**A.     The § 1983 Claims**

The Court dismisses all of Ellis's § 1983 claims because Kaiser is a private employer—none of the defendants were acting "under color of state law" or engaged in state action. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Tate v. Kaiser Found. Hosps.*, 2014 WL 176625, at *4 (C.D. Cal. Jan. 15, 2014) (granting summary judgment on § 1983 claims because Kaiser not a state actor). The Court dismisses claims 1–3 and 11–14 with prejudice.

**B.     The Title VII and ADA claims**

Ellis has no claims against her supervisors in their individual capacity under Title VII or the ADA. *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006). But Ellis can sue her supervisors in their official capacity as agents of Kaiser. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995) ("a supervisory employee may be joined as a party defendant in a Title VII action" but is "viewed as being sued in his capacity as the agent of the employer, who is alone liable"). Since Ellis is a pro se litigant, and Kaiser hasn't moved to dismiss, the Court charitably interprets her complaint as suing her supervisors in their official capacity as representatives of Kaiser and refrains from dismissing those claims at this time.

* * *

In sum, the only causes of action remaining are claims 4–10 under § 1981, Title VII, and the ADA.

/ / /

/ / /

### III. The Motion to Add Defendants

Ellis also seeks to add another five defendants in their official capacity to the action. Courts should freely give leave to amend. Fed. R. Civ. P. 15. But the Court needs more than a list of five names.

If Ellis wants to file a second amended complaint that adds these parties, she needs to file a new motion for leave to amend that complies with Local Civil Rule 15.1. At a minimum, that means filing two versions of a proposed amended complaint: one version that's redlined to show the proposed changes; and, a second, clean version that Ellis wants to become the new, operative complaint. The changes must address who each defendant is, what they did, and why Ellis thinks she has a cause of action against them.

Before filing any new motion, Ellis should first do her best to research whether or not the law allows her to state a valid claim against these proposed new defendants. The Court also reminds Ellis that she needs to read and comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Standing Order before filing future motions.

### III. Conclusion

To be clear: the Court isn't saying that Ellis doesn't have a case. The Court is troubled by Ellis's accusations that her supervisor interfered with Ellis's pay while on maternity leave whereas other "white nurse[s] had the comfort of paid leave." As well as Ellis's allegations that white colleagues were given "verbal warnings for the same mislabeling specimen type incidents" that Kaiser fired Ellis for. And the Court recognizes that Ellis's struggles to battle cancer, treat her heart arrhythmia, and overcome a miscarriage impacted her attendance at work. But at this stage, Ellis's accusations are still in dispute. Her motions for summary judgment and to add additional defendants are denied.

**IT IS SO ORDERED**.

DATED: June 2, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge