FILED

17 OCT -4 PM 12:20

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: /s/          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHA'LENA ELLIS,<br><br>                    Plaintiff,<br><br>v.<br><br>KAISER PERMANENTE, et al.,<br><br>                    Defendants. | Case No.: 16cv195-LAB(KSC)<br><br>**ORDER GRANTING IN PART AND IN PART DENYING PLAINTIFF'S EX PARTE MOTION TO RE-OPEN DISCOVERY [Doc. No. 71.]** |

Plaintiff is pursuing the operative First Amended Complaint *pro se* and *in forma pauperis*.[1] [Doc. Nos. 6, 29.] Before the Court is plaintiff's Ex Parte Motion to Re-Open Discovery to Take the Declaration of Vicky Cornejo to Preserve Her Testimony to Use at Trial and to Serve New Subpoena(s). [Doc. No. 71.] Defendants' have filed an Opposition to Plaintiff's Motion to Re-Open Discovery. [Doc. No. 72.] For the reasons outlined more fully below, the Court finds that plaintiff's Ex Parte Motion to Re-Open Discovery must be GRANTED in part and DENIED in part.

---

[1] District Courts are obligated to afford a certain amount of leeway to *pro se* litigants and to construe their pleadings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

1

## Background

Plaintiff's First Amended Complaint alleges that she was employed by defendant Kaiser Permanente as a medical assistant from October 11, 2004 through March 12, 2015. [Do. No. 3, at p. 3.] Defendants have indicated that plaintiff erroneously sued Kaiser Permanente and that she was actually employed by Southern California Permanente Medical Group (SCPMG). [Doc. No. 21, at p. 2; Doc. No. 72, at p. 2.] The First Amended Complaint includes causes of action for racial discrimination, wrongful termination, retaliation, and violations of the ADA. [Doc. No. 3, at p. 2.] In an Order filed on June 2, 2017, the District Court dismissed plaintiff's claims brought under Section 1983, because plaintiff worked for a private employer so defendants were not engaged in state action or acting "under color of state law." [Doc. No. 69, at p. 2.] As a result of the District Court's Order, plaintiff's remaining claims are those alleged in the fourth through tenth causes of action under Section 1981, Title VII, and the Americans with Disabilities Act (ADA) for racial and other discrimination, wrongful termination, retaliation, and ADA violations. [Doc. No. 69, at p. 2.]

On October 31, 2016, this Court entered a Scheduling Order setting February 28, 2016 as the deadline for completing fact discovery. Expert discovery was scheduled to be completed as of June 23, 2017. Dispositive motions were to be filed no later than August 7, 2017. [Doc. No. 63, at pp. 1-3.]

On February 15, 2017, after the time for completing fact discovery had expired, the parties filed a Joint Motion to Extend the Fact Discovery Cutoff. [Doc. No. 67.] In the Joint Motion, defendants sought additional time to complete plaintiff's deposition. Defendants had been unable to complete the deposition because of plaintiff's work schedule. [Doc. No. 67, at pp. 1-3.] The Court granted defendants' request and extended the discovery deadline until April 30, 2017, so that the parties could complete plaintiff's deposition. [Doc. No. 68.]

On August 7, 2017, defendants filed their Motion for Summary Judgment in accordance with the deadline set forth in the Scheduling Order, and this Motion is

currently pending before the District Court. [Doc. No. 72; Doc. No. 63, at p. 3.] On the same day, plaintiff filed the instant Ex Parte Motion to Re-Open Discovery. [Doc. No. 71.] In her Ex Parte Motion, plaintiff seeks to re-open discovery so she can obtain "new testimony" and "new evidence" from defendants that she has "now" discovered "through due diligence" and that she believes will "corroborate" her claims against defendants. [Doc. No. 71, at p. 1.]

## *Discussion*

### A. *Relevance Standard.*

Federal Rule of Civil Procedure 26 provides as follows: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1).

### B. *Request for Documents.*

In her Ex Parte Motion to Re-Open Discovery, plaintiff explains that she was "written up for allegedly adminis[tering] a vaccine to a patient using the wrong technique that ultimately led the patient to be hospitalized." [Doc. No. 71, at p. 3.] By contrast, the First Amended Complaint alleges that a patient "had an allergic reaction" to a vaccination, that defendants "failed to do a proper investigation," and that defendants wrongly concluded on or about April 10, 2014 that plaintiff was at fault. [Doc. No. 3, at p. 12.]

The Court notes that Declarations submitted by defendants in support of their pending Motion for Summary Judgment state that in early April 2014 a patient was "given a vaccination shot incorrectly in her shoulder" and was then hospitalized for five days. [Doc. No. 72-3, at p. 2.] These Declarations further indicate that an investigation

commenced and it was determined that plaintiff administered the vaccine. [Doc. No. 72-3, at pp. 2-3.] According to the declarants, this vaccination incident was one of a number of disciplinary offenses that led to the termination of plaintiff's employment. [Doc. No. 72-3, at p. 2-6; Doc. No. 72-4, at pp. 2-5; Doc. No. 72-5, at pp. 2-8.]

In her Ex Parte Motion, plaintiff claims that "[i]t has now come to light that a second patient during the same time frame also had an allergic reaction to the same batch of vaccine who[] was also ultimately hospitalized." [Doc. No. 71, at p. 3.] However, plaintiff believes that the employee who administered this second vaccine "was not written up" and the "vaccine overseers" were notified that "they might have a bad batch" of vaccine. [Doc. No. 71, at p. 3.] Plaintiff indicates that she learned of this "new evidence" in documents released by defendants and argues that "documents must now be subpoenaed." [Doc. No. 71, at p. 1.]

The Court construes this portion of plaintiff's Ex Parte Motion as a request to re-open discovery so that she can serve defendants with a request for production of documents related to this second alleged vaccination incident that defendants have not yet produced. From plaintiff's moving papers, it is unclear whether plaintiff requested any such documentary evidence from defendants prior to the February 28, 2017 deadline for completing fact discovery. [Doc. No. 63, at p. 1.] If any such documentary evidence does exist, it would be relevant to plaintiff's theory of the case. Plaintiff contends that she was not at fault in the vaccination incident, but defendants erroneously concluded she was at fault because they did not complete a "proper investigation." [Doc. No. 3, at p. 12.]

### C. *Request for a Declaration or Deposition of Vicky Cornejo.*

Plaintiff also claims in her Ex Parte Motion to Re-Open Discovery that "through due diligence," she has learned that "new testimony has now appeared from one Ms. Vicky Cornejo. . . [which] corroborates [her] causes of action against defendants." [Doc. No. 71, at p. 1.] According to plaintiff, Ms. Vicky Cornejo "will provide testimony" stating that defendant Patricia Dodgen-Bower "has been written up by

Ms. Vicky Cornejo as well as other [SCPMG] employees under [Ms. Dodgen-Bower's] supervision." [Doc. No. 71, at p. 3.] Defendant's Opposition to plaintiff's Ex Parte Motion clarifies that Ms. Dodgen-Bower "is or was Ms. Cornejo's supervisor." [Doc. No. 73, at p. 4.] Plaintiff also states in her Ex Parte Motion that she previously requested access to Ms. Dodgen-Bower's employment file but was told by defense counsel during a "meet and confer" that there are no "write ups" or complaints filed against Ms. Dodgen-Bower. [Doc. No. 71, at p. 3.] However, the relief sought by plaintiff in her Ex Parte Motion is somewhat unclear, as she sometimes indicates she wants a "declaration" by Ms. Cornejo and at other times she states that she seeks a "deposition" of Ms. Cornejo. [Doc. No. 71, at pp. 1, 3, 4.]

The Court notes that defendants submitted the Declaration of Ms. Dodgen-Bower in connection with their pending Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment [Doc. No. 72]. Ms. Dodgen-Bower's Declaration states that she supervised plaintiff from March 2012 to January 2015. [Doc. No. 72-3, at p. 2.] As part of her supervisory duties, Ms. Dodgen-Bower explains in her Declaration that she investigated the vaccination incident by interviewing plaintiff and calling the patient who received the vaccination. [Doc. No. 72-3, at pp. 2-3.] Based on her investigation, Ms. Dodgen-Bower concluded plaintiff improperly administered the vaccine to the patient and therefore placed plaintiff on "a Level 3 Corrective Action for Performance." [Doc. No. 72-3, at p. 2.] Mr. Dodgen-Bower's Declaration also includes details about other "incidents" involving plaintiff that occurred after the vaccination incident that led to further disciplinary actions against plaintiff. [Doc. No. 72-3, at pp. 2-4.]

Although it is true, as defendants contend, that plaintiff does not specifically explain why she believes "new testimony" from Ms. Cornejo will "corroborate" her claims against defendants [Doc. No. 71, at pp. 1, 3; Doc. No. 73, at p. 4], the Court must liberally construe plaintiff's Ex Parte Motion because she is proceeding *pro se*. Construed liberally, it is apparent that plaintiff seeks access to documents and/or information that does satisfy the relevance standard in Federal Rule 26(b)(1), because

there is a factual dispute about the vaccination incident, and, as a result, Ms. Dodgen-Bower's credibility is at issue. In addition, plaintiff's request is specific enough that the Court has no reason to believe it would be too burdensome for defendants to provide plaintiff with documents or information indicating whether Ms. Cornejo made any relevant claims or complaints against Ms. Dodgen-Bower.

Under the circumstances presented, the Court rejects defendant's contention that plaintiff's request is "too late." [Doc. No. 73, at p. 5.] Defendant's Opposition to plaintiff's Ex Parte Motion confirms that plaintiff did request access to Ms. Dodgen-Bower's personnel records in a subpoena directed to defendant on April 27, 2017, two months after the deadline for completing discovery and three days before the expiration of the extension of the discovery cutoff, which was granted to complete plaintiff's deposition. [Doc. No. 73, at p. 3.] Defendants objected to the subpoena on a number of grounds, including timeliness, and did not provide plaintiff with a substantive response. However, defense counsel did tell plaintiff during the meet and confer process that "he was ***unaware*** of any complaints lodged against Ms. Dodgen-Bower." [Doc. No. 73, at p. 3, citing Doc. No. 73-1, at p. 2 (emphasis added).] Thus, it appears that plaintiff may have been dissuaded from pursuing this discovery earlier based on counsel's equivocal representation. It appears likely, however, that plaintiff would have been granted additional time to pursue this discovery if she requested it after she met and conferred with defense counsel. Under the circumstances, the Court is reluctant to conclude that this *pro se* plaintiff's pursuit of information about any claims Ms. Cornejo may have made against Ms. Dodgen-Bower is "too late," particularly when plaintiff claims she discovered this "new testimony" by Ms. Cornejo "through due diligence" [Doc. No. 73, at p. 5], and defendants do not dispute these assertions in their Opposition [Doc. No. 73, at pp. 2-10].

### D.  *Good Cause.*

Federal Rule 16(b)(4) states that: "A schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Good cause for an

extension exists when the moving party requests additional time and demonstrates he cannot meet the deadline despite exercising due diligence. Fed.R.Civ.P. 6(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). "If that party was not diligent, the inquiry should end." *Id.*

Defendants argue that plaintiff's request for additional discovery is untimely, and she has not shown good cause to re-open discovery. They also challenge plaintiff's Ex Parte Motion to Re-Open Discovery on other grounds, including relevance, privacy, and speculation. However, defendants do not challenge plaintiff's assertions that she is seeking additional time for discovery, because she learned of "new evidence" and/or "new testimony" through "due diligence" and in documents "supplied by the defendants themselves." [Doc. No. 71, at p. 2.] Construing plaintiff's Ex Parte Motion liberally, as the Court is obligated to do when the plaintiff is proceeding in *pro se*, it appears there is good cause to briefly re-open discovery to allow plaintiff to discover the following: (1) any documents concerning a claim made by Ms. Cornejo against Ms. Dodgen-Bower during the relevant time period; and (2) any documents concerning a second vaccination incident during the relevant time period. However, to the extent plaintiff seeks to re-open discovery to take a Rule 30 or Rule 45 deposition of Ms. Cornejo, the Court finds that plaintiff has not provided enough information to establish there is good cause to re-open discovery long enough to take Ms. Cornejo's deposition at this late date in the proceedings.

### ***Conclusion***

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's Motion to Re-Open Discovery is GRANTED in part and DENIED in part. In this regard, IT IS FURTHER ORDERED that:

1. ***No later than October 18, 2017***, SCPMG shall complete a reasonably diligent search and produce to plaintiff all documents kept in the regular course of business concerning any incidents from 2014 through the present involving vaccinations administered by any employee of SCPMG at the facility where plaintiff was employed

that resulted in an adverse reaction to the patient but no disciplinary action against the employee that administered the vaccination. To the extent any such documents include the names of individuals other than an employee or former employee of SCPMG, the names may be redacted from the documents to protect the privacy interests of third parties. If no such documents are located, defendants shall provide plaintiff with a declaration by a competent witness under penalty of perjury ***no later than October 18, 2017*** stating that a reasonably diligent search was completed but no such documents were found.

2. ***No later than October 18, 2017***, SCPMG and/or Patricia Dodgen-Bower shall complete a reasonably diligent search and produce to plaintiff all documents kept in the regular course of business concerning any claims or complaints made against Ms. Dodgen-Bower by another employee, including but not limited to, Ms. Vicky Cornejo, from 2014 through the present. To the extent any such documents include the names of individuals other than Ms. Dodgen-Bower and Ms. Cornejo, the names may be redacted from the documents to protect the privacy interests of third parties. If no such claims or complaints are located, defendants shall provide plaintiff with a declaration by a competent witness under penalty of perjury ***no later than October 18, 2017*** stating that a reasonably diligent search was completed but no such documents were found.

3. Plaintiff's Ex Parte Motion is DENIED to the extent it seeks to re-open discovery to conduct a deposition of Vicky Cornejo pursuant to Federal Rules of Civil Procedure 30 or 45 or to obtain a declaration from Ms. Cornejo.

///
///
///
///
///
///
///

4. The time for completing fact discovery is re-opened until **_October 18, 2017_** for the sole purpose of allowing defendants time to provide plaintiff with the documents and information set forth above. Discovery remains closed for all other purposes.

IT SO ORDERED.

Dated: October 4, 2017

_____
Hon. Karen S. Crawford
United States Magistrate Judge