# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| SHA'LENA ELLIZABETHANN ELLIS, | CASE NO. 16cv195-LAB (KSC) |
|---|---|
| Plaintiff, | **ORDER PARTIALLY GRANTING SUMMARY JUDGMENT** |
| vs. | |
| KAISER PERMANENTE, et al., | |
| Defendants. | |

After ten years of employment, Southern California Permanente Medical Group ("Kaiser") placed Sha'lena Ellis on a Last Chance Agreement after a series of disciplinary actions for attendance issues and lab-labeling problems. Two weeks later, Kaiser determined Ellis made another labeling mistake, and fired her. Ellis argues Kaiser discriminated against her because she's black. Kaiser says it fired her because of her poor job performance.

Ellis sued Kaiser and her three supervisors: Patricia Dodgen-Bower, Robert Banko, and Tricia Lews. She alleged claims for discrimination based on her race, pregnancy status, and disability. Last year, the Court denied Ellis's motion for summary judgment and dismissed half her claims. Kaiser now moves for summary judgment on the remaining claims. Since there's a triable issue of fact whether Kaiser discriminated against Ellis, the Court partially denies Kaiser's motion for summary judgment. Fed. R. Civ. P. 56.

///

## A. Individual Liability

Kaiser is correct that the Ninth Circuit has barred personal liability for claims under Title VII and the ADA. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583 (9th Cir. 1993) (Title VII); *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033 (9th Cir. 2006) (ADA). The Court grants summary judgment to the individual defendants, in their individual capacities, for those remaining causes of action.

But the Court reaffirms its finding that Ellis sued her supervisors in their official capacity as agents of Kaiser. [Dkt. 69.] *Miller* acknowledged that Title VII incorporates a "respondeat superior principle" that makes employers liable for acts of agent employees. *Miller*, 991 F.2d at 587–88. *Miller* doesn't bar Ellis from articulating claims against her supervisors here because she's really suing Kaiser. *Ortez v. Washington Cty., State of Or.*, 88 F.3d 804, 808 (9th Cir. 1996) (reversing because employee stated Title VII claim against supervisors in their official capacity).

## B. Ellis's Claims

### 1. Race Discrimination (Title VII and 42 U.S.C. § 1981—Claims 4, 5, 8)

To establish a prima facie case for racial discrimination, Ellis first needs to show she's: (1) in a protected class; (2) qualified for her job; (3) suffered an adverse employment action; and (4) Kaiser treated similarly situated, non-black employees more favorably. If Ellis offers evidence on these four elements, then Kaiser needs to provide nondiscriminatory reasons for the adverse action. Ellis then needs to show Kaiser's reasons are pretext. *Aragon v. Republic*, 292 F.3d 654, 658–59 (9th Cir. 2002); *Manatt v. Bank of Am., NA*, 339 F.3d 792, 797 (9th Cir. 2003) (§ 1981 claim tracks Title VII analysis).

Ellis supplied the minimal evidence to make out a prima face claim for racial discrimination based on disparate treatment: (1) she's in a protected class because she's black; (2) Bower's performance evaluation suggests Ellis was qualified; (3) her firing constituted an adverse action; and (4) she submitted evidence that white nurse B.H. had similar employment problems, but wasn't fired. [Dkt. 74-2 at 7–12 and 82–85.][1]

---

[1] Ellis's other "*de minimis* change[s] in work assignments" don't "constitute an adverse employment action." *Blackburn v. Washington*, 611 F. App'x 416, 417 (9th Cir. 2015).

Kaiser responded with a nondiscriminatory reason for firing her: poor job performance. Specifically, Kaiser found Ellis made a labeling mistake two weeks after signing a Last Chance Agreement that provided: "any further performance infractions that occur from this day forward will lead to your termination." Kaiser also submitted evidence that shows over the last five years, black employees supervised by Bower and Banko received the least amount of discipline over all. [Dkt. 72-5 and 72-6 at 135–38, 154–69.]

Ellis, therefore, had to produce "specific and substantial evidence" that Kaiser's "reasons are really a pretext for racial discrimination." *Aragon*, 292 F.3d at 661 (9th Cir. 2002). To show pretext, Ellis can point to the same "evidence establishing the plaintiff's prima facie case and inferences properly drawn therefrom." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 143 (2000). Her best argument is that white nurse B.H. had similar problems but was treated differently than she was. Specifically, Kaiser issued B.H. a Level 4 Corrective Action after repeated attendance problems. When B.H. logged another attendance violation, Kaiser reissued her a Level 4 for attendance. A day later, when B.H. mislabeled a specimen, Kaiser issued B.H. a Level 1 for performance. But when Ellis allegedly made a mislabeling mistake after her Level 4, she was fired. Ellis argues that a jury could infer that race was the reason for the different treatment. [Dkt. 72-6 at 163–64 and 74-2 at 84.]

Kaiser didn't offer a compelling response. First, they say Ellis's argument is irrelevant because B.H.'s discipline was related to attendance issues, whereas Ellis's termination wasn't. That's contradicted by the second sentence of Kaiser's opening brief: Ellis was "terminated after years of chronic tardiness and a spate of errors." [Dkt. 72-1 at 7.] And although Ellis's Level 4 was ostensibly for performance issues, it repeatedly mentions Ellis's attendance issues. Second, Kaiser says Ellis is speculating about B.H. and hasn't offered any evidence that B.H.'s attendance issues were comparable to Ellis's. That's wrong too. Ellis's brief laid out 14 disciplinary actions taken against B.H. And Kaiser's own evidence confirms the point: B.H. received at least seven attendance infractions, from verbal warnings through Levels 1, 2, 3, and 4. [Dkt. 72-6 at 164.]

Ellis points to other problems. For example, she says Kaiser marked her late for work when she arrived before 8:30 am, yet Kaiser acknowledges she has an 8:30 am start time. If true, this would undermine part of Kaiser's stated reason for firing her—the "chronic tardiness." Kaiser didn't respond to this point. Ellis also disputes that she failed to label the specimen that got her fired. She argues that it's more likely Bower removed the label to ensure Ellis lost her job. Specifically, she testified that Bower was in the room that held the lab specimens the day of the mislabeling. Ellis maintains that Bower wouldn't normally be there, and when she asked Bower why she was, Bower said she lost her cellphone. Kaiser says that's not credible—but that's for a jury to decide. [Dkt. 72-6 at 35, 145–46.]

While there's no direct evidence of racial animus in the record, that's unsurprising—there rarely is. Most employment discrimination cases are built on circumstantial evidence. But Ellis has met her burden of making out a prima facie case, and showing that a jury could find Kaiser's reasons for firing her pretextual. *See Viana v. FedEx Corp. Servs., Inc.*, 2018 WL 1417231 (9th Cir. Mar. 22, 2018) (reversing summary judgment because employee fired after 15 years offered enough evidence to suggest investigation was pretext); *Reeves*, 530 U.S. at 149.

### 2. Hostile Work Environment (§ 1981 – Claim 4)

Ellis appears to argue that Kaiser subjected her to a hostile work environment. To make out that claim, she needs to produce evidence that shows she: (1) was subjected to verbal or physical conduct because of her race; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe as to create an abusive work environment. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008). She asserts that Defendants knowingly disregarded doctors' directives and inflicted severe stress on her. None of this amounts to evidence that Kaiser subjected her to verbal or physical conduct because of her race.

### 3. Pregnancy Discrimination (Title VII – Claim 6)

Title VII prohibits employers from discriminating on the basis of pregnancy, and the analysis tracks the same burden-shifting discussed above. *Palmer v. Pioneer Inn Assocs.,*

*Ltd.*, 338 F.3d 981, 984 (9th Cir. 2003). Ellis maintains that during her first pregnancy, Bower ignored her request to submit her Pregnancy Leave Form. When Bower finally submitted it, she incorrectly indicated that Ellis should receive full pay while out. As a result, Ellis says she had to return to work early because she needed to repay the money she received while on leave. Ellis argues this amounted to discrimination because two pregnant white employees didn't have these problems.

Ellis hasn't made out a prima facie case of pregnancy discrimination here because she's not suggesting Kaiser discriminated against her because of her pregnancy. Instead, this argument is, in all respects, another claim for racial discrimination—*i.e.*, Kaiser treated her differently than similarly situated white employees. She hasn't offered any evidence to support these allegations. And even if she did, Kaiser offered a nondiscriminatory explanation: Bower made an error. Ellis can't point to any evidence that suggests getting overpaid on leave is pretext for racial animus.

Ellis also claims that during her second pregnancy Bower caused her "so many work issues" that she had a miscarriage. Again, there's no viable discrimination claim here that she was treated differently because she was pregnant. And Ellis doesn't offer any evidence to back up this allegation. That's not good enough at this stage.

### 4. Disparate Impact (Title VII – Claim 7)

To prove disparate impact, the employee needs to show her employer has "practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities." *Ricci v. DeStefano*, 557 U.S. 557 (2009). Ellis hasn't offered any evidence that a Kaiser practice has a discriminatory impact on blacks, pregnant women, or the disabled.

### 5. Disability Discrimination (ADA – Claim 9, 10)

To make out a claim for disability discrimination, Ellis needs to show she: (1) has a disability; (2) can perform the essential functions of the job, with or without reasonable accommodation; and (3) Kaiser terminated her because of her disability. *Kennedy v. Clause*, 90 F.3d 1477, 1481 (9th Cir. 1996). First, there's no evidence Ellis has a disability. She maintains she suffers from "work induced cumulative traumatic stress injuries" and a heart

condition. In support, she offers doctors' notes, and communications with her supervisor, noting various symptoms she's experiencing. (Adjustment disorder; anxiety; emotional stress reaction; headache; etc.) This isn't sufficient evidence to show she has a substantial impairment of a major life activity. Second, even if she provided evidence of disability, there's also no evidence a jury could rely on to find Kaiser discriminated against Ellis *because* of her heart condition or work-induced stress.

### III.   Other Issues

#### 1.   Punitive Damages

Ellis asks for punitive damages. "An award of punitive damages under Title VII is proper where the acts of discrimination giving rise to liability are willful and egregious, or display reckless indifference to the plaintiff's federal rights." *Ngo v. Reno Hilton Resort Corp.,* 140 F.3d 1299, 1304 (9th Cir. 1988). There's no evidence here that could give rise to punitive damages. Ellis's request to argue for punitive damages is denied.

#### 2.   Requests for Admission and Authentication

Kaiser argues Ellis failed to answer requests for admission on time so the Court should deem all issues admitted. Fed. R. Civ. P. 36(a). Given that Ellis is pro se, and Kaiser hasn't articulated any unfair prejudice, the Court exercises its discretion to deny this request. *See Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981) (resolving admissions "left to the sound discretion of the district judge"). Kaiser also objects to Ellis's submission of unauthenticated exhibits. But all of the documents the Court relied on are Kaiser business records, or were produced by Kaiser. The bar for authentication is low, and Ellis submitted a supplemental affidavit as well. The objections are overruled.

\* \* \*

Defendants' motion for summary judgment on Ellis's race discrimination claims under Title VII and § 1981 is **DENIED**; for all of Ellis's remaining claims, the motion is **GRANTED**.

**IT IS SO ORDERED**.

Dated: March 28, 2018

                                                                    _____
                                                                    **HONORABLE LARRY ALAN BURNS**
                                                                    United States District Judge